UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | 2005 DEC -7 P 1:20 |
| : | |
| v. : | Case No. 3:03CR80(JBA) |
| : | Case No. 3:03CR162(JBA) |
| : | |
| FOOK YONG TAN, : | |
| aka "Steve Fook" : | |
| : | December 1, 2005 |

## MOTION TO WAIVE INTEREST/MODIFY JUDGMENT

Fook Yong Tan (Tan) humbly and respectfully submits this motion to waive the interest and/or modify his judgment. After getting a Statement of Account from the Justice Department (see attached "A") and learning of the interest of 1.22% on $1,127,696.49, it is obvious that Tan will not be able to pay that amount.

**BACKGROUND**

On August 20, 2003, Tan was sentenced in the U.S. District Court, Arterton, J., U.S.D.J., to a term of imprisonment of 60 months and a term of supervised release for three years for Conspiracy and various Credit Card Fraud. (see attached "B"). In addition, as a special condition of supervised release, Tan was ordered to pay restitution, jointly and severally with his other co-defendants in the amount of $1,121,516.06 payable at a rate of $500.00 per month or 20% of his gross income, whichever is greater.

**Id.**

Tan's fine was waived, but his interest was not. **Id.** Tan recently received a Statement of Account from the U.S. Department of Justice for payment in the amount of $150.00 (see "A"). Tan also learned that interest of 1.22% is accruing and that the

amount of the restitution is now at $1,127,696.49.  **Id.**

**DISCUSSION**

This Court has jurisdiction to modify an Order of restitution under Title 18 U.S.C. § 3664(o)&(k).  In this pleading, Tan is not arguing for the whole enchilada or asking the Court to waive his restitution because of a material change in his ability to pay.

Tan only respectfully asks this Court to waive the interest payments of 1.22% under Title 18 U.S.C. § 3612(f)(3) and order that this Order is *nunc pro tunc* to August 20, 2003.  In that regard, he asks the Judgment to be modified.

Case law is sparse on Title 18 3612(f)(3) and the tools available to Tan at the prison law library *do not* include a Lexis Nexus or that Westlaw Litigator program "Blue".  As such, Tan is limited to the shepardizing through the Statute (someone stole the U.S.C.A. Supplement for 18 U.S.C. § 3612) and so, Tan offers a few cases outside the district for support.

In *United States v. Bedonie*, 317 F.Supp.2d 1285 (D.Utah 2004) the District Court waived the interest because of the amount of the restitution.  "In view of the size of the restitution awards, the court waives the requirement of interest."  **Id.** at 1333.  The amounts in that case were $446,665 and $325.751.  In another case, *United States v. Kirsh*, 287 F.Supp.2d 1005 (D.Minn. 2003), the District Court waived the interest on $751,757.59.

Tan respectfully asserts that the amount of restitution in his case, [now] $1,127,696.49 is a considerable size to merit waiving of the interest. As such, Tan asks that the Court grant his Motion to waive the interest and order it <u>nunc pro tunc</u> to August 20, 2003.

Respectfully Submitted,

Fook Yong Tan, <u>pro se</u>
Reg No. 69894-053
FMC Devens
P.O. Box 879
Ayer, MA  01432-0879

Dated December 1, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been mailed postage prepaid first class to: U.S. Attorney's Office; 157 Church Street; 23rd Floor, New Haven, CT 06510 by placing in the prison legal mailbox this 1st day of December, 2005.

_____
Fook Yong Tan

United States Attorney
District of Connecticut
Connecticut Financial Center
157 Church Street, 23rd Floor
New Haven, Connecticut 06510



*For inquiries regarding debt call:* (203) 821-3700

**U.S. DEPARTMENT OF JUSTICE**
**STATEMENT OF ACCOUNT**

| DATE OF STATEMENT | October 28, 2005 |
|---|---|
| USAO NUMBER | 2003Z00541/001 |

Mr. Fook Yong Tan
213 West Town Street, Unit C-14
Norwich, CT 06360

Retain top portion for your records. This is your official receipt. This statement reflects the balances for this debt only. You may have additional outstanding debt(s). Detach bottom portion, indicate amount enclosed, and return with your payment.

### ACCOUNT INFORMATION

| Date Payment Received | | Current Balance | $1,127,696.49 |
|---|---|---|---|
| Amount of Payment | | Overdue Amount | $.00 |
| Last Payment Application | Principal / Interest / Penalty / Costs / Aousc / P.I costs / Assess / Crim cost / Fine / Fine inter. / Surcharge | Next Payment Amount | $150.00 |
| | | **PAY THIS AMOUNT** | $150.00 |
| | | Date Payment Due | November 15, 2005 |
| Annual Interest Rate | If this is an interest-bearing debt, additional interest accrues daily. For payoff information, please call the telephone number listed above. | | |
| 1.22% | | | |

MAKE MONEY ORDER PAYABLE TO: CLERK OF COURT
DO NOT SEND CASH
INCLUDE USAO NUMBER ON MONEY ORDER

*Please detach and enclose bottom portion with payment*

---

| PAY THIS AMOUNT | $150.00 |
|---|---|
| DATE PAYMENT DUE | November 15, 2005 |
| Payment must reach us by the **DATE PAYMENT DUE**, in order for payment to be applied before next billing cycle. | |
| USAO NUMBER | 2003Z00541/001 |
| NAME | FOOK YONG TAN |
| AGENCY CODE | PSUS |
| DISTRICT | CT |
| AGENCY FILE NUMBER | 3:03CR80, 3:03CR162 |
| AGENCY PROGRAM CODE | XXRN |
| INDICATE AMOUNT ENCLOSED | |

### United States Department of Justice
### Payment Coupon

DO NOT SEND CASH. Make money order payable to Clerk of Court.

ENCLOSE THIS COUPON TO GUARANTEE PROPER APPLICATION OF PAYMENT AND MAIL TO ADDRESS BELOW

UNITED STATES DISTRICT COURT
450 Main Street
Hartford, Connecticut 06103

"A"

# DISTRICT OF CONNECTICUT

## JUDGMENT IN A CRIMINAL CASE

UNITED STATES OF AMERICA

v.

FOOK YONG TAN
aka "Steve Fook"
213 WEST TOWN ST., UNIT C-14
NORWICH, CT 06360

SSN: 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    DOB: 6/6/70

CASE NO. 3:03CR 80 JBA
CASE NO. 3:03CR162 JBA

FILED
AUG 21  2 53 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN

MARIA A. KAHN, AUSA

LAWRENCE S. KERBEN, ESQ
Defendant's Attorney

The defendant pled guilty to count ONE OF THE INDICTMENT AND INFORMATION. Accordingly, the defendant is adjudged guilty of count ONE OF THE INDICTMENT AND INFORMATION, which involves the following offense:

Title & Section: 18 U.S.C. 371 and 1029(a)(2)   Count: ONE (3:03cr80 - Indictment)
Nature of Offense: CONSPIRACY TO TRAFFIC IN AND USE UNAUTHORIZED ACCESS DEVICES
Title &b Section: 18 U.S.C. 1029(a)(1)   Count: ONE (3:03cr162 - Information) Nature of Offense: CREDIT CARD FRAUD
Date Offense Concluded: 3/12/03

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of: 60 months TO RUN CONCURRENTLY FOR (3:03CR80 & 3:03CR 162 JBA)
Upon release from custody, the defendant shall be on supervised release for a term of THREE (3) years TO RUN CONCURRENTLY FOR (303CR80 & 3:03CR162 JBA).

Special Conditions of Supervised Release include: Defendant is jointly and severally liable with Chee Koh Lim, Jie Sun, Lan Sun and Heung Wong to pay restitution in the amount of $1,121,516.06 payable at a rate of $500.00 per month or 20% of his gross income whichever is greater payable as follows: Fleet Bank-$2,357.87, Valley National Bank-$2,632.53, Bank One-$32,786.47, Nordstrom Visa-$5,234.37, Capital One-$69,176.83, Navy Federal-$5,441.54, Liberty Bank-$23,515.05, Chase Manhatten-$171,139.00, Middlesex Credit Union- $5,057.49, Astoria Savings-$1,634.06, Citigroup-$450,254, Discover-$84,371.32, American Express-$184,679.49, Sikorsky Federal Credit Union-$8,126.42, Merrill Lynch-$59,092.00, US Bank-$11,362.61 & Bridgeport Police Department Federal Credit Union-$4,655.01. If defendant is deported, he shall not reenter the United States without the prior written approval of the Attorney General and notification to the United States Attorney's Office and the United States Probation Office for the District of Connecticut. Defendant shall participate in substance abuse and mental health treatment programs, with an emphasis on gambling addiction, either in patient or out patient as directed by USPO. Defendant shall pay all or a portion of the costs associated with treatment, based on his ability to pay, in an amount to be determined by USPO. Fine Waived.
The court recommends to the Bureau of Prisons that the defendant be designated to an appropriate facility close to Connecticut.
It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. In addition to the special conditions of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the reverse side are imposed.

It is ordered that the defendant shall pay a Special Assessment a total of $200.00, for count ONE OF THE INDICTMENT AND INFORMATION, WHICH HAS ALREADY BEEN PAID ON THIS DATE.

CERTIFIED AS A TRUE COPY
ON THIS DATE 8/21/3
Kevin F. Rowe, Clerk
BY _____
    Deputy Clerk

AUGUST 20, 2003
Date of Imposition of Sentence

_____
Janet Bond Arterton, United States District Judge
Date: August 21, 2003

"B"

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

## MANDATORY CONDITIONS

■ (1) The defendant shall not commit another federal, state or local offense;
☐ (2) The defendant shall not unlawfully possess a controlled substance;
☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50 mile radius of the legal residence of the defendant.
■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
☐ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall also report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

John R. O'Connor
United States Marshal

By: _____
    Deputy Marshal