UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

**United States of America**          :
                                      :
**v.**                                :     Case No. 3:03cr80/03cr162
                                      :              (JBA)
                                      :
**Fook Yong Tan.**                    :

           ORDER ON MOTION TO WAIVE INTEREST/MODIFY JUDGMENT
             [No. 03cr80, DOC. # 97; No. 03cr162, Doc. # 15]

   Defendant Fook Yong Tan (a/k/a Steve Fook) was sentenced on August 20, 2003 to 60 months' imprisonment and a three-year period of supervised release for conspiracy to traffic in and use unauthorized access devices and credit card fraud. See Judgment [Doc. # 46] (attached as Exhibit B to Doc. # 97]. Defendant was also ordered, jointly and severally with his co-defendants, to pay restitution in the total amount of $1,121,516.06 "payable at a rate of $500.00 per month or 20% of his gross income whichever is greater." Id. While imposition of any fine was waived, interest on the restitution ordered was not waived. Id.

   Defendant now moves to modify this Judgment, in the form of a waiver of interest accruing on the restitution amount, pursuant to 18 U.S.C. § 3664(o) and (k). See Mot. to Waive Interest/Modify Judgment [No. 03cr80, Doc. # 97; No. 03cr162, Doc. # 15]. 18 U.S.C. § 3664(o) provides that "[a] sentence that imposes an order of restitution is a final judgment notwithstanding the fact that such a sentence can subsequently be

                                    1

. . . adjusted under section 3664(k)," which subsection in turn states:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.[1]

Defendant also cites 18 U.S.C. § 3612(f)(3), which provides that "[i]f the court determines that the defendant does not have the ability to pay interest [on orders of restitution over $2,500], the court may -- (A) waive the requirement for interest; (B) limit the total of interest payable to a specific dollar amount; or (C) limit the length of the period during which interest accrues."

However, Section 3612(f)(3) appears to apply to restitution ordered at the time of sentencing, not to modification of restitution orders after entry. The two cases cited by defendant, United States v. Bedonie, 317 F. Supp. 2d 1285 (D.Utah 2004), and United States v. Kirsch, 287 F. Supp. 2d 1005 (D.

---

[1] Section 3664(o) lists other contexts in which a restitution order may be corrected, modified, or amended, none of which are claimed to be applicable here.

Minn. 2003), as well as two others uncovered by the Court's own research, see, e.g., United States v. Roush, 452 F. Supp. 2d 676 (N.D. Tex. 2006); United States v. Draskovich, 159 F. Supp. 2d 1154 (D. Minn. 2001), discuss Section 3612(f)(3) in the context of imposition of sentence and the original order of restitution, and none rely on that section for authority to modify a restitution order that has already entered.[2]  Moreover, applying Section 3664(o) and (k), defendant makes no claim of a material change in economic circumstances affecting his ability to pay; indeed, defendant states "Tan is not arguing for the whole enchilada or asking the Court to waive his restitution because of a material change in his ability to pay."  Mot. at 2.  Interest was not waived at the time of sentencing and defendant has offered no information allowing the Court to conclude that there has been any such change in circumstances warranting modification now.  Moreover, Section 3664(k) does not authorize the Court to actually waive interest, but only to adjust the payment schedule.  Accordingly, defendant's Motion [No. 03cr80, Doc. # 97; No. 03cr162, Doc. # 15] is DENIED.[3]

---

[2] The inapplicability of Section 3612 to defendant's post-sentencing request here is further illustrated by comparison with 18 U.S.C. § 3573, which permits the Court upon petition from the Government to, post-sentencing and post-entry of final judgment, "remit all or part of the unpaid portion of the fine or special assessment, including interest and penalties."

[3] The Court observes that while it does not have the authority to sua sponte waive interest on defendant's restitution

                    IT IS SO ORDERED.

                        /s/
                    Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 30th day of April, 2007.**

---

obligation, it could do so on a petition to remit from the Government, see 18 U.S.C. § 3573, the possibility of which the Government states "it will leave open" and "[i]f and when it becomes apparent to the Government that it is not in the interest of justice and not cost effective to enforce payment of interest, then the Government would be willing to reconsider [defendant's] request." Gov't Opp. [No. 03cr162, Doc. # 17] at 5.